## HESLEP *vs.* BRAYTON.

*Twelfth Judicial District Court, June.* 1857.

### STAY OF PROCEEDINGS.

Serving a notice of motion for a new trial, operates *per se* as a stay of proceedings for the five days within which a statement is to be filed.

A motion for a new trial need not be filed with the Clerk of the Court. It is only required to be served.

Motion to set aside an execution as having been improperly issued.

Heslep brought suit against Brayton, and having recovered a judgment thereupon issued execution and levied upon the property of the defendant. The defendant however, within the two days allowed by law, gave notice to the plaintiff of a motion for a new trial, but did not file the same with the Clerk of the Court. The plaintiff had proceeded to have his execution issued upon the ground that this notice not being so filed was such an irregularity as precluded him from further moving in the case, and also that it did not operate as a stay of proceedings.

*Heslep,* for plaintiff.

*H. B. Janes,* for defendant.

NORTON J.—The question which presents itself in this case is purely one of practice and has as yet been unsettled in this Court. I have taken occasion to consult with his Honor, Judge Hager, of the Fourth District Court, as to the best rule to adopt in these cases, as this decision will set at rest a point which has been somewhat doubted heretofore. We desire to establish some fixed rules for the future guidance of the bar in the absence of statute regulation. The Practice Act does not require the notice of a motion to be filed with the Clerk, the service thereof upon the adverse party I shall hold to be sufficient, and that until the five days elapse in which a party is required to file a statement on the motion, all proceedings must be stayed on execution. A party may enter his judgment, but no execution can issue until the five days elapse. Let the execution be set aside.